UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>            Plaintiff,<br>   v.<br><br>AMANDA FOXALL,<br><br>            Defendant. | CASE NO. 2:22-cv-00564-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

      This matter comes before the Court *sua sponte*. On April 24, 2022, Plaintiff filed an application to proceed in forma pauperis (Dkt. No. 1) with a proposed pro se complaint (Dkt. No. 1-1) against Defendant Amanda Foxall, a private citizen and the foster parent of Ms. Zayas' daughter. Plaintiff's application was granted (Dkt. No. 4), and her Complaint was entered on the docket on April 27, 2022 (Dkt. No. 5). The Complaint purports to arise under 42 U.S.C. § 1983, alleging a violation of Ms. Zayas' substantive due process rights and interference with the parent-child relationship. *Id.* Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted.

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 1

The Court's authority to grant in forma pauperis status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed in forma pauperis, the Court is subject to the requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the case if the Court determines that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must plead factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds pro se, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [pro se] claim that were not initially pled." *E.g., Henderson v. Anderson*, 2:19-cv-00789-RAJ, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Ms. Zayas claims that Ms. Foxall has illegally maintained custody of her daughter without her consent. Dkt. No. 5 at 4-5. Ms Zayas believes that her consent is required under

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 2

Washington law. *Id.* She also claims Ms. Foxall has forced her daughter "into Christianity" by enrolling her in a religious school. *Id.* at 5. She appears to also implicate the State of Washington, through Child Protective Services[1] and, possibly, King County Superior Court, in a racist plot to deprive her of custody of her daughter.[2] *Id.* at 4-5 (noting that "Amanda Foxall is knowingly assisting cps in their african criminal enterprise against white children" and "Judge Ferguson says he does not need anyones signature and if he waited for everyones signature he would never get anything done"). Ms. Zayas asks the Court to remove Ms. Foxall's foster license and arrest her for illegally harboring a minor. *Id.* at 5.

To state a claim under 42 U.S.C. § 1983, Ms. Zayas must plead sufficient facts to establish that "(1) the defendant[] acting under color of state law (2) deprived plaintiff[] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Ms. Zayas' Complaint is very light on concrete facts, and instead makes general, vague, and conclusory assertions about the nature of her claims. *See generally* Dkt. No. 5. Specifically, Ms. Zayas fails to plead sufficient facts to (1) establish that Ms. Foxall was acting under color of state law, (2) plausibly assert a substantive due process claim, or (3) request relief that this Court may grant under 42 U.S.C. § 1983. Even though the Court liberally interprets Ms. Zayas' pro se Complaint, her "[v]ague and conclusory allegations of . . . civil rights violations are not sufficient to" avoid dismissal. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, federal courts have limited jurisdiction, and foster parent

---

[1] Child Protective Services is administered by the Washington State Department of Children, Youth & Families. *See* https://www.dcyf.wa.gov/about/about-us.

[2] The Court notes that Ms. Zayas has named only Ms. Foxall as a Defendant in this case. The Court's understanding of the allegations against the King County Superior Court comes from her (1) listing the address for the Maleng Regional Justice Center at 401 Fourth Ave, Kent, Washington, as a location where the events at issue occurred, and (2) referencing Judge Ferguson's refusal to return her daughter as relating to her alleged injuries. Dkt. No. 5 at 4-5.

licensing and child custody matters are the rightful domain of the state courts. Additionally, courts generally are not able to order the criminal arrest of a party in a civil lawsuit.

Courts will typically allow a pro se plaintiff to amend a Complaint in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court therefore ORDERS Plaintiff's Complaint (Dkt. No. 5) DISMISSED WITHOUT PREJUDICE and GRANTS Plaintiff leave to file an Amended Complaint. Ms. Zayas shall have **thirty (30) days** from the date of this order, **no later than June 17, 2022**, to file an Amended Complaint that plausibly states a claim against Ms. Foxall.

Dated this 18th day of May 2022.

Tana Lin
United States District Judge