UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>                    Plaintiff(s),<br>     v.<br><br>AMANDA FOXALL,<br><br>                    Defendant(s). | CASE NO. 2:22-cv-00564-TL<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT TO CHANGE NAMED PLAINTIFF |

This matter is before the Court on Plaintiff's Motion to Amend and Change Plaintiff (Dkt. No. 7) and proposed Amended Complaint (Dkt. No. 7-1). Having considered the relevant record, the Court hereby DENIES Plaintiff's motion without prejudice and with leave to refile an amended complaint as outlined below.

On April 24, 2022, Plaintiff filed an application to proceed *in forma pauperis* (Dkt. No. 1) with a proposed *pro se* Complaint (Dkt. No. 1-1) against Defendant Amanda Foxall, a private citizen and the foster parent of Ms. Zayas' minor daughter. Plaintiff's application was granted (Dkt. No. 4), and her original Complaint was entered on the docket on April 27, 2022

ORDER DENYING MOTION TO AMEND COMPLAINT TO CHANGE NAMED PLAINTIFF - 1

(Dkt. No. 5). Ms. Zayas' Complaint alleged violations of her substantive due process rights and interference with her relationship with her daughter. Ms. Zayas asserted that the federal court (versus state court) had jurisdiction over the case because of an alleged violation of a federal law, *i.e.*, 42 U.S.C. § 1983.

The statute that authorizes a court to grant *in forma pauperis* status, 28 U.S.C. § 1915, requires the court to dismiss the case if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Consistent with this statute, the Court dismissed Ms. Zayas' original Complaint, without prejudice, for failing to state a claim against Ms. Foxall upon which relief may be granted. Dkt. No. 6. The Court noted that Ms. Zayas specifically failed "to plead sufficient facts to (1) establish that Ms. Foxall was acting under color of state law, (2) plausibly assert a substantive due process claim, or (3) request relief that this Court may grant under 42 U.S.C. § 1983." *Id.* at 3. The Court granted Ms. Zayas leave to amend her original Complaint, by no later than June 17, 2022, to correct the noted deficiencies.

On June 18, Ms. Zayas filed the instant motion to both change the plaintiff and amend the complaint. She asks the Court to allow her to bring her claims as "next friend" on behalf of her daughter, ACZ, instead of on her own behalf. Dkt. Nos. 7 at 1; 7-1 at ¶ 1. Ms. Zayas also adds a new defendant, Michael Foxall, her daughter's other foster parent. Dkt. No. 7-1 at ¶ 8. The proposed amended complaint seeks injunctive relief under § 1983 for alleged violations of ACZ's rights under the First Amendment's establishment clause and religious freedom protections, as well as the Fourteenth Amendment's equal protection and due process clauses. *Id.* at ¶¶ 22-35.

While a competent litigant may choose to file a lawsuit on their own behalf without legal representation (*i.e.,* to act *pro se*), the Court has an obligation to protect the rights of those who "'cannot determine their own legal actions'" because of age or incompetence. *Johns v. Cnty. of*

*San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991)). Thus, the law is well settled that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Id.* at 877.

The Court recognizes *pro se* plaintiffs are "[p]resumably unskilled in the law, . . . [and] more prone to making errors in pleading than" represented litigants; nonetheless, the Court cannot "serve as [an] advocate[] for *pro se* litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). While the Court holds the pleadings of *pro se* plaintiffs to "less stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has a duty to apply the law consistently regardless of a party's status. Given the caselaw, the Court cannot allow Ms. Zayas to represent her minor child *pro se*.

The Court therefore DENIES WITHOUT PREJUDICE Ms. Zayas' request to proceed as next friend for ACZ without securing legal representation in this case. Ms. Zayas shall have until **August 1, 2022,** to secure representation, at which time her legal counsel may renew her motion to proceed as next friend for ACZ. Alternately, the Court will extend the period for Ms. Zayas to file an amended Complaint that plausibly states claims on her own behalf by an additional **30 days** from the date of this order, **no later than August 1, 2022.** If additional time is need, Ms. Zayas may make a motion to extend this deadline upon a showing of good cause.[1]

Dated this 30th day of June 2022.

Tana Lin
United States District Judge

---

[1] Pursuant to Section II(G) of the Court's Standing Order for All Civil Cases, "[m]otions for extensions of time shall be filed at least **three (3) business days** in advance of the expiration of the relevant deadline. . . . Untimely [motions] may be summarily denied, stricken, or ignored" (emphasis original).